## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Keith M. Wilson, individually and on behalf of all other similarly situated individuals, ) ) ) ) | Case No. |
| Plaintiff, ) ) | **COLLECTIVE ACTION COMPLAINT** |
| v. ) ) | |
| Mattress Firm, Inc., ) ) | |
| Defendant. ) ) | |

Plaintiff Keith M. Wilson ("Plaintiff"), on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendant Mattress Firm, Inc. ("Defendant") for damages resulting from its failure to pay its "Managers on Duty" overtime wages in accordance with the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

2.     Venue is proper in the United States District Court, Northern District of Georgia, pursuant to 28 U.S.C. § 1391, because both Plaintiff and Defendant reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

### PARTIES

3.     Plaintiff is an adult resident of the State of Georgia.

4.     Defendant employed Plaintiff in the State of Georgia as a Manager on Duty ("MOD") from approximately March 2014 to present.

5.     Plaintiff consents in writing to assert claims for overtime pay under the FLSA.  (See Ex. A).  As this case proceeds, other individuals will sign consent forms and join this action as opt-in plaintiffs.

6.     Plaintiff and all other similarly situated MODs are current and former employees of Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date this Complaint was filed.  29 U.S.C. §§ 203(d),(e)(1), 255.

7.     Defendant is a corporation with its headquarters located at 5815 Gulf Freeway, Houston, Texas.

8.     According to its website, Defendant is "one of the largest and most successful specialty bedding companies in the world."  Defendant sells mattresses, beds, furniture, and accessories.

9.     Defendant employs and employed Plaintiff and those similarly situated in over 1,225 stores in 35 states, including: Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and West Virginia. Defendant employs over 3,800 employees.

10.    At all relevant times, Defendant was the "employer" of Plaintiff and all similarly situated individuals under the FLSA.  29 U.S.C. § 203(d).

11.    Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12.    Defendant's gross annual sales made or business done has exceeded $500,000 at all relevant times.

3

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

13.     During the applicable statutory period, Plaintiff and those similarly situated were employed by Defendant as MODs.

14.     Plaintiff and those similarly situated were responsible for selling Defendant's mattresses and other products.

15.     Plaintiff and those similarly situated had no role in the hiring and firing other employees and did not customarily and regularly direct the work of two or more other employees.

16.     There were workweeks in which Plaintiff and those similarly situated worked more than forty (40) hours.  In fact, Plaintiff and those similarly situated were expected to work at least 46 to 50 hours per week, and often worked more than 50 hours per week.

17.     Defendant classified Plaintiff and those similarly situated as exempt from FLSA wage and hour protections.

18.     More than half of the compensation earned by Plaintiff and those similarly situated did not consist of commissions.  For example, in 2014 Defendant compensated Plaintiff $30,206.27 with only $8,146.33 (27%) representing commission pay.

19.     Defendant paid Plaintiff and those similarly situated a draw against commissions.  It did not pay them an overtime premium for the hours it suffered or permitted them to work that exceeded forty (40) in a work week.

20.     Defendant was aware, or should have been aware, that Plaintiff and those similarly situated performed work that required payment of overtime compensation.   For example, Defendant required Plaintiff and the similarly situated to record the number of hours they worked, and required them to work overtime hours in order to meet Defendant's sales requirements.

21.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because Defendant knew that it was violating the law or at least showed reckless disregard for the FLSA.  In fact, Defendant resolved a lawsuit in Florida in 2010 alleging the identical unlawful pay practice, yet continues to pay its MODs in this manner.

22.     There are numerous similarly situated individuals that are or were employed by Defendant as MODs who have also been denied overtime compensation in violation of the FLSA.  These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.  Those similarly situated employees are known to Defendant and readily identifiable through Defendant's records.

5

## COUNT I
## Violation of the FLSA – Failure to Pay Overtime

23.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

24.    Plaintiff brings this cause of action under 29 U.S.C. § 216(b) on behalf of himself and other similarly situated employees.  The proposed Collective Class for FLSA claims is defined as follows:

> All persons who worked as Managers on Duty for Defendant at any time during the three years prior to the filing of this Complaint to the present (the "FLSA Collective").

25.    Defendant is required by the FLSA, 29 U.S.C. § 207, to pay wages to Plaintiff and those similarly situated at a rate no less than one-and-one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

26.    Defendant improperly classified Plaintiff and those similarly situated as exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

27.    Defendant willfully failed and refused to pay Plaintiff and those similarly situated overtime wages for all hours worked in excess of forty (40) per week.

28.     Defendant's willful failure and refusal to pay Plaintiff and those similarly situated overtime wages for all time worked in excess of forty (40) hours per week in individual workweeks violates the FLSA, 29 U.S.C. §§ 207, 255.

29.     As a result of these unlawful practices, Plaintiff and others similarly situated suffered a loss of wages and are therefore entitled to recover unpaid wages for up to three years prior to the filing of their claims, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's actions as described above were willful;

E. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F.  An award of prejudgment interest;

G.  An award of post-judgment interest;

H.  An award of reasonable attorneys' fees and costs;

I.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J.  Leave to add state law overtime claims; and

K.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.


Dated:  February 10, 2015          Respectfully submitted,

                                   **AUSTIN & SPARKS, PC**

                                   s/ John Thomas Sparks, Sr.
                                   John Thomas Sparks, Sr., GA Bar No. 669575
                                   2974 Lookout Place, Northeast, Suite 200
                                   Atlanta, GA 30305
                                   Telephone: (404) 869-0100


                                   **NICHOLS KASTER, PLLP**

                                   s/ Paul J. Lukas
                                   Paul J. Lukas, MN Bar No. 22084X
                                   4600 IDS Center, 80 South 8th Street
                                   Minneapolis, MN 55402
                                   Phone: (612) 256-3200
                                   Fax: (612) 338-4878
                                   lukas@nka.com

                                   **Attorneys for Plaintiff and those similarly situated.**

8

# EXHIBIT A

## MATTRESS FIRM, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Mattress Firm, Inc. to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as a Manager on Duty or other similar position, for Mattress Firm, Inc., and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Mattress Firm, Inc.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 2/10/15

_____
Signature

KEITH WILSON
Print Name

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

REDACTED

Return this form by
fax, email or mail to:

Nichols Kaster, PLLP, Attn: Paul J. Lukas
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com