# EXHIBIT A

DRAFT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Keith M. Wilson, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-000407 |
| Mattress Firm, Inc., | ) ) ) | |
| Defendant. | ) | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is entered into between Plaintiff Keith M. Wilson ("Plaintiff") and Defendant Mattress Firm, Inc. ("Defendant"), subject to Court approval.

Plaintiff and Defendant (collectively the "Parties") do hereby agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendant of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims of failure to pay overtime compensation for work performed by Plaintiff as an employee of, or otherwise for, Defendant; and (c) other valuable monetary and nonmonetary consideration as set forth herein.

## I.
## CONSENT TO COURT APPROVAL

This Agreement is contingent upon approval by the Court and is entered into voluntarily by the Parties for settlement purposes only. Defendant does not admit to any wrongdoing and all allegations of which are expressly denied. The Parties

1

Initials

DRAFT

do not waive, and instead expressly reserve, their rights to assert any claim or defense as regards the subject matter of this suit should the Court not approve this Agreement.

The Parties shall cooperate and present to the Court, if necessary for its consideration in connection with the approval of the Agreement, competent evidence as may be requested by the Court under the appropriate standards for approving a settlement under the Fair Labor Standards Act ("FLSA").

## II.
## EFFECT OF NON-APPROVAL

In the event that any of the conditions specified in Section I of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by the Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the Lawsuit, and the Parties do not waive, and instead expressly reserve, their respective and all rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## III.
## RECITALS

**WHEREAS,** there is a lawsuit now pending before the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Keith M. Wilson, et al. v. Mattress Firm, Inc.,* Case No. 1:15-cv-000407 (hereinafter referred to as the "Lawsuit");

**WHEREAS,** Defendant expressly denies Plaintiff's claims and allegations; and

**WHEREAS,** further litigation of this matter will require extensive preparation and expense unless it is fully settled, terminated, and dismissed with prejudice at this time;

Initials

DRAFT

**WHEREAS,** the parties wish to avoid such preparation and expense; to terminate all past, present, and potential controversies between the parties; to compromise and settle the parties' differences; and to dismiss the Lawsuit with prejudice.

**NOW, THEREFORE,** in consideration of the promises, agreements, representations, and covenants set forth herein and in full compromise, release, settlement, accord and satisfaction, and discharge of all claims and causes of action asserted in the Lawsuit or arising out of any act or omission occurring prior to the date of this Settlement Agreement, known or unknown, the parties covenant and agree as follows:

## IV.
## AGREEMENTS

In consideration of the mutual promises described below, the payments to Plaintiff and other good and valuable consideration, the receipt and sufficiency of which the parties acknowledge, Plaintiff and Defendant agree as follows:

**A.     Settlement Sum and Payment:**   In return for this settlement, compromise, and release of all wage related claims asserted or that could have been asserted in this lawsuit by Plaintiff against Defendant, Defendant hereby agrees that on or before the next available payroll processing date after the expiration of the review and revocation period described in Paragraph IV.M below or within 21 (twenty-one) days of execution of this Agreement by Plaintiff, whichever is sooner, but only after obtaining Court approval of this Agreement, Defendant will deliver to Plaintiff's counsel of record, Paul J. Lukas, Nichols Kaster, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, the gross settlement amount of **five thousand dollars ($5,000)** (the "**Settlement Payment**"), less standard withholdings.   The Settlement Payment shall be disbursed in one check made payable to Keith M. Wilson, Social Security Number XXX-XX-6694, in the gross amount of **$5,000** (five thousand and 00/100 dollars) for alleged unpaid overtime.  Defendant shall withhold taxes and other lawful deductions from this portion of the Settlement Payment.  An IRS Form W-2 will be issued reflecting this payment and any applicable withholdings and other deductions.

3

Initials

DRAFT

**B.    Tax Consequences.**   Defendant will issue appropriate Internal Revenue Service forms for the Settlement Payment addressed in Paragraph IV.A above.  Plaintiff shall be responsible for reporting and paying all federal, state or local taxes owed, if any, associated with his receipt of any and all settlement sums received pursuant to this Settlement Agreement.   Plaintiff agrees that should payment of any settlement sum result in Defendant being held obligated to pay additional taxes for which Plaintiff was individually responsible to pay, but failed to pay, then Plaintiff will fully indemnify Defendant for all such taxes, penalties or interest actually paid by Defendant for such purposes.

**C.    Joint Stipulation of Dismissal.**  Within thirty (30) days of the date this Settlement Agreement is approved by the Court, Plaintiff's counsel and Defendant's counsel shall jointly file with the Court a Stipulation of Dismissal requesting entry by the Court of an Order dismissing with prejudice the Lawsuit and all of Plaintiff's claims against Defendant.

**D.    Release by Plaintiff:**  For and in consideration of the actions by Defendant in Paragraph IV.A of this Agreement, for which consideration Plaintiff acknowledges he would not otherwise be entitled, Plaintiff does hereby RELEASE AND FOREVER DISCHARGE Defendant and each of its present and former officers, directors, shareholders, employees, affiliates, agents, representatives, successors and assigns (all of whom are hereinafter collectively referred to as the **"Released Parties"**) from all wage related claims asserted or that could have been asserted in this lawsuit through the date of approval.   (herein referred to collectively as **"Released Claims"**).

**E.    Terms of Settlement and Representation by Counsel.** As a result of the arm's length negotiations culminating in a tentative agreement in principle in August 2015, a settlement of the issues raised in the Lawsuit was reached which is memorialized in this Agreement.  The parties acknowledge that they have been appropriately and adequately represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

**F.    Other Proceedings:**  Plaintiff hereby represents and confirms that he has not filed or otherwise initiated any other charge, complaint, or other proceeding against Defendant in any local, state, or federal court or agency based upon events occurring prior to the date of this Agreement.  Plaintiff expressly waives any right to damages or other legal or equitable relief awarded by any

4

_KMW_
Initials

DRAFT

governmental agency or court relating to any charge, complaint, or other proceeding (regardless by whom filed), that is pending or that is filed in the future and that is based on events occurring prior to this Agreement.

**G.     Confidentiality.**    Plaintiff agrees that he will not disclose, disseminate, or publicize, or will not cause to be disclosed, disseminated, or publicized, any of the terms or conditions of this Agreement, the negotiations among the parties concerning the terms or any proposed terms of the Agreement, to any person, corporation, association, government agency, or other entity, other than his spouse, religious, medical or psychological counselors, legal counsel, and tax advisors, except (1) as may be required by law; (2) to the extent necessary to report income to appropriate taxing authorities, or (3) in response to an order or subpoena of a court or government agency of competent jurisdiction.  However, notice of receipt of such order or subpoena shall be immediately communicated to Shauna Johnson Clark, Norton Rose Fulbright US LLP, 1301 McKinney, Suite 5100, Houston, Texas 77010, so that Defendant shall have an opportunity to intervene and assert what rights it has to nondisclosure prior to Plaintiff's response to such order or subpoena.  In response to any inquiries regarding the Lawsuit or any matters addressed therein, Plaintiff may state generally that the matters with Defendant have been resolved and that Plaintiff is satisfied, but he shall not comment otherwise.

**H.     No Admission.**    Neither the execution of this Agreement nor the performance of the consideration given for this Agreement shall constitute nor be deemed to be an admission of liability on the part of any party hereto, all of which is expressly denied.

**I.     Acknowledgements.**    Plaintiff acknowledges that he has fully informed himself of the terms, contents, conditions and effects of this Agreement and that, in executing this Agreement, he does not rely and has not relied upon any representation (oral or written) or statement made by Defendant or its attorneys, including, but not limited to, any representation or statement with regard to the subject matter, basis, or effect of this Agreement.

**J.     Attorney Fees, Costs, and Expenses.**    Except as otherwise specifically provided herein, the parties shall bear responsibility for their own

5

Initials

DRAFT

attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

**K. Authority of Counsel.** Plaintiff's counsel warrant and represent that they are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Defendant's counsel warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to this Agreement in order to effectuate its terms.

**L. Binding Effect and Assignment.** Plaintiff agrees that this Agreement shall be binding on him, his spouse, his children, heirs, executors, administrators, and all other persons and entities in privity with him. Plaintiff further represents that he has not assigned and shall not assign this Agreement or any part hereof, except to his attorneys. Any purported assignment by Plaintiff shall be null and void from the initial date of the purported assignment.

**M. Governing Law; Continuing Jurisdiction.** This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced, and governed under the laws of the State of Georgia (without regard to its conflicts of law principles). The United States District Court for the Northern District of Georgia shall have continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement, to supervise the administration and distribution of the resulting settlement funds, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in the litigation until a final order of dismissal is signed by this Court.

**N. Severability.** If any paragraph, term or provision of this Agreement shall be held or determined to be unenforceable, the balance of this Agreement shall nevertheless continue in full force and effect, unaffected by such holding or determination. In addition, in any such event, the parties hereto agree that it is their intention and agreement that any such paragraph, term or provision which is held or determined to be unenforceable, as written, shall nonetheless be in force and binding to the fullest extent permitted by law as though such paragraph, term

6

Initials

DRAFT

or provision had been written in such a manner and to such an extent as to be enforceable under the circumstance.

      **O.**    **Counterparts/Entirety of Agreement.** This Agreement may be executed in counterparts, each of which shall constitute an original, and which together shall constitute a single instrument. The parties further agree that signatures to this Agreement transmitted electronically or via facsimile shall be valid and binding. It is understood and agreed that this Agreement, and any attachments or exhibits hereto, contain the entire agreement between the parties and supersedes any and all prior agreements, arrangements, or understandings between the parties relating to the subject matter contained in this Agreement. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist. Furthermore, this Agreement cannot be changed or terminated orally.

      **P.**    **Execution Date.** The parties hereto have executed this Agreement as of the dates set forth below.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS READ THIS AGREEMENT, UNDERSTANDS IT AND IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.**

**PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

*This space intentionally left blank – signature pages follow.*

7



Initials

DRAFT

Dated: _Oct 30_, 2015    **KEITH M. WILSON**

              Signature: _____

Dated: _October 30_, 2015   **MATTRESS FIRM, INC.**

              By: _____

              Name: _Kindel L Elam_

              Title: _General Counsel_

8

Initials